OF THE

## STATE OF MISSOURI

AT THE

### OCTOBER TERM, 1897.

*(Continued from Volume 142.)*

GREEN v. DITSCH, *Appellant.*

Division One, February 23, 1898.

143   1
77a 606
143   1
81a 581

1. **Equity**: PRACTICE: ADMISSION OF INCOMPETENT EVIDENCE. In equity cases incompetent evidence, admitted on the trial, can be disregarded by the appellate court, and this will be done when the conclusions of fact will not be changed. The incompetency of the witness in this case consisted in the fact that he testified concerning a contract which was made between himself, as the agent of plaintiff, and a deceased person, the terms of the contract being the real issue.

2. **Specific Performance**: STATUTE OF FRAUDS. Under an oral contract defendant's ancestor bought a house and lot from plaintiff for $3,000 and agreed to give him $500 for constructing an addition to the house. Plaintiff wanted the money in cash, and executed a deed of trust to the purchaser and gave his note for the amount, which were to be void on the completion of the addition. Plaintiff fully performed and the purchaser entered into possession, and after his death defendant foreclosed the deed of trust, and on plaintiff's suit for specific performance, pleaded that the contract could not be enforced because not in writing. *Held*, that the contract was binding on both parties. *Held*, also, that under the contract plaintiff was required to furnish a good marketable title, and unless such title was tendered within a reasonable time the purchaser had the right to rescind the contract and demand a return of the purchase money, and on refusal could foreclose his deed of trust.

3. ———: UNCONDITIONAL SALE OF LAND: PURCHASER'S TITLE. On a
sale of land without condition there is an implied covenant on the
part of the vendor to make a good and marketable title. But that
does not mean that the title will be such as the vendee may be will-
ing to accept, or that his attorney may pronounce good and market-
able.

*Appeal from Jackson Circuit Court.*—HON. E. L.
SCARRITT, Judge.

AFFIRMED.

*L. Traber* and *L. H. Waters* for appellant.

(1) The contract, if one was made, which defend-
ant denies, was for the sale of land and was not in writ-
ing and is void under section 5186, Revised Statutes 1889.
(2) There was no part performance on the part of Peter
W. Ditsch or the appellant to take the case out of the
statute of frauds. 1 Story, Eq. Jur. [10 Ed.], sec. 764;
*Sitton v. Ship*, 65 Mo. 297; *Cox v. Cox*, 29 Pa. St. 375;
*Paris v. Haley*, 61 Mo. 453; *Emmel v. Hayes*, 102 Mo.
186; *Berry v. Hartzell*, 91 Mo. 132; *Rogers v. Wolfe*,
104 Mo. 1; *Underwood v. Underwood*, 48 Mo. 530. (3)
The contract for the sale of the property, if any was
made, was through the brother and agent of respond-
ent, and Jonas Benton, also his agent and employee,
for and in behalf of said John J. Green and Peter. W.
Ditsch on behalf of himself who, as plaintiff alleges,
"died pending the performance of said contract." The
evidence showing that the plaintiff took no part in the
sale except through said T. J. Green and said Jonas
Benton, they were disqualified as witnesses for plain-
tiff and they should not have been permitted to testify
being "the parties to the contract" in contemplation
of the law. *Banking House of Wilcoxson v. Rood*, 132
Mo. 256; *Robertson v. Reed*, 38 Mo. App. 32; *Stanton
v. Ryan*, 41 Mo. 510. (4) The petition does not state
facts sufficient to constitute a cause of action. The

petition should have affirmatively stated, not "that Henry Ditsch was the heir of Peter W. Ditsch," but that he was the only heir, and that allegation should have been proved before a recovery could be had. The general denial was sufficient to meet this allegation. *Brown v. Hoffmeister*, 71 Mo. 413; *Pier v. Heinrichoffen*, 52 Mo. 333; *Scott v. Robards*, 67 Mo. 289; *Baker v. Railroad*, 91 Mo. 87. (5) The undisputed evidence shows that Peter W. Ditsch made the approval of the title by his attorney, a condition precedent to the purchase of said land; the title was not approved, and no binding contract resulted. *Duke v. Compton*, 49 Mo. App. 304; *Taylor v. Von Scudder*, 107 Mo. 206; *Brewington v. Merker*, 31 Mo. App. 348; *Esterly Machine Co. v. Criswell*, 58 Mo. App. 471; *Zaleski v. Clark*, 44 Conn. 218; *Brown v. Foster*, 113 Mass. 136; *Wood v. Reaping Co.*, 50 Mich. 505; *Church v. Shanklin*, 95 Cal. 626. (6) The terms and conditions of the deed of trust could not be contradicted or varied by parol. Law of Evidence, chap. 12, sec. 920, and notes; 1 Greenl., secs. 1040–1071; *Bunce v. Bank*, 43 Mo. 266; *Helmich v. Gehrke*, 56 Mo. 79; *Burris v. Blair*, 61 Mo. 149; *Thompson et al. v. Irwin et al.*, 42 Mo. App. 421; *Black River Lumber Co. v. Warner*, 93 Mo. 484.

*Karnes, Holmes & Krauthoff* for respondent.

(1) Thomas J. Green and Jonas W. Benton were competent witnesses. They were competent at common law. This fact at once completely distinguishes the present from the case of *Wilcoxson & Co. v. Rood*, 132 Mo. 256. There the witness in question was disqualified at common law. The question was whether the statute had removed the disability. That case does not decide that our statute was intended or had the effect to disqualify any person who could have testified

without a statute on the subject. The cases are clear and to the point that our statute is an enabling and not a disabling provision, and that all persons who were competent prior to its enactment are still competent. *Bates v. Forcht*, 89 Mo. 121; *Leach v. McFadden*, 110 Mo. 588; *Baer v. Pfaff*, 44 Mo. App. 39; *Leahy v. Simpson*, 60 Mo. App. 83. (2) The answer of the defendant denies that any contract had been made between the parties and pleads specially that if one should be found to have been made, the same was void under the statute of frauds. This is an incongruous pleading. Its legal effect is to admit that the contract was made as alleged in the petition. The special defense qualifies the general denial to this extent. (3) It has long since been settled that acts of part performance on the part of the plaintiff, done under and in pursuance to the parol contract, will take the case out of the operation of the statute. *Hays v. Railroad*, 108 Mo. 550; *Sharkey v. McDermott*, 91 Mo. 652; *Dozier v. Maston*, 94 Mo. 332; *White v. Ingram*, 110 Mo. 482; *Fuchs v. Fuchs*, 48 Mo. App. 23; *Foster v. Kimmons*, 54 Mo. 488; *Johnson v. Hurley*, 115 Mo. 513; Fry, Spec. Perf. [3 Am. Ed.], sec. 556; 2 Story, Eq. Jur., sec. 759. (4) The doctrine is now established that if the parol agreement provides that the plaintiff shall make certain repairs or alterations, or construct certain additions or extensions, the doing of these things, in whole or in part, constitutes a sufficient part performance to take the case out of the statute. *Shillibeer v. Jarvis*, 8 DeG. M. & G. 87; *Mundy v. Jolliffe*, 5 Myl. & Cr. 174; *Farrall v. Davenport*, 3 Giff. 371; *Nunn v. Fabian*, L. R. 1 Ch. App. 35, 40; *Williams v. Evans*, L. R. 19 Eq. Cas. 557; Pom. Spec. Perf., sec. 126 and cases cited; *Sutherland v. Briggs*, 1 Hare, 31; *Farrall v. Davenport*, 3 Giff. 368; *Sweeney v. O'Hara*, 43 Iowa, 37. (5) He was not bound to formally tender a deed,

in view of the conceded. fact that Ditsch refused to carry out the contract and that he would not have accepted the deed if actually tendered. *Deichmann v. Deichmann*, 49 Mo. 109; *Westlake v. St. Louis*, 77 Mo. 51; *Black River Lumber Co. v. Warner*, 93 Mo. 388; *Girard v. St. Louis Car Wheel Co.*, 123 Mo. 371; *Bless v. Jenkins*, 129 Mo. 647; *Bank v. Read*, 131 Mo. 553. (6) It is urged that Green's deed of trust estops him to claim that there was a then existing contract of sale between the parties. But the cases cited to support the proposition are only instances in which it is held that a given written contract has the effect to merge antecedent agreements. *Black River Lumber Co. v. Warner*, 93 Mo. 384; *Leahy v. Witte*, 123 Mo. 207; *Cobb v. Day*, 106 Mo. 295; *Schradski v. Albright*, 93 Mo. 48. (7) The fact that Henry Ditsch was the sole heir of P. W. Ditsch was not, in any proper sense, a constitutive one. The objection can not be raised by an objection to the introduction of any evidence; nor by motion to dismiss; nor by instruction; and most certainly not in this court for the first time. Bliss, Code Pl. [2 Ed.], sec. 411; *Butler v. Lawson*, 72 Mo. 247; *Horstkotte v. Menier*, 50 Mo. 160; *Reugger v. Lindenberger*, 53 Mo. 366; *Rickey v. Tenbroeck*, 63 Mo. 570; *Dunn v. Railroad*, 68 Mo. 272; *State v. Sappington*, 68 Mo. 457; *State v. Berning*, 74 Mo. 99; *Walker v. Deaver*, 79 Mo. 672.

MACFARLANE, P. J.—This is a suit in equity for the specific performance of an alleged contract for the sale of a lot in Kansas City on which there was at the time a dwelling house.

The petition charges that on the fifteenth of November, 1890, plaintiff was the owner of the lot, describing it, and on said day a contract between him and P. W. Ditsch was entered into "by the terms of

which the plaintiff agreed to sell, and the said P. W. Ditsch agreed to buy said property at and for the price and sum of three thousand dollars, and that it was further agreed that an addition to the house then standing on said premises should be constructed by the plaintiff at the price not exceeding five hundred dollars, which amount said Ditsch should repay to the said Green. It was further agreed that the said contract should be consummated when said addition to said house should be completed. That plaintiff proceeded at once to the erection of said addition, and completed the same at the cost of five hundred dollars, and that it was agreed between the parties that as a means to pay plaintiff for said lot before the consummation of said contract and the erection of said addition, that the said Ditsch should pay to the plaintiff the said sum of three thousand dollars, and the plaintiff should execute to said Ditsch a note for said amount, secured by deed of trust on said property. That said note and deed of trust were accordingly executed, and plaintiff has completed said addition and has complied with all the terms and conditions of said contract on his part. That pending the said performance of said contract the said P. W. Ditsch departed this life, leaving the said defendant as his heir, and the said defendant thereupon assumed the said contract, and has reaped, and is now enjoying the benefits thereof, having entered into the possession of said property under said contract and accepted the additions so erected by plaintiff as aforesaid, but that the said defendant failed and refuses to carry out and perform his part of said contract, and on the contrary thereof undertook to cause a sale to be made under the terms of the deed of trust aforesaid on the twenty-eighth day of December, 1891, and claims to have acquired the title to said property under and by virtue of said trustee's sale.

But the plaintiff alleges that it was a part of the contract hereinbefore mentioned, that said deed of trust should not be thus foreclosed, but should simply be held to secure the performance by the plaintiff of his part of the contract for the conveyance of said lot and the erection of said addition for the aggregate sum of thirty-five hundred dollars. Plaintiff has at all times been ready and willing to comply with his part of said contract, and he prays the court to require the defendant to specifically perform his part thereof; to set aside the trustee's sale, to cancel and annul the plaintiff's said note and the deed of trust given to secure the same; to require the defendant to pay the balance of the purchase money, to wit, the sum of five hundred dollars with interest from the first day of May, 1891, and for such other and further relief as to the court may seem meet and proper."

Defendant by answer admitted the execution and delivery of the note and deed of trust, and the sale of the land thereunder as charged, but denied each other allegation of the petition. He charges affirmatively that the alleged contract, if one should be found to have been made, was not in writing, nor was there any memorandum thereof in writing signed by either of the parties charged therewith, and such contract can not be enforced by reason of the statute of frauds.

Upon a trial in the circuit court a decree was rendered in favor of plaintiff and defendant appealed. The facts will sufficiently appear in the opinion. It appears from the evidence to our entire satisfaction that a verbal agreement was entered into in November, 1890, between plaintiff and P. W. Ditsch, the ancestor of defendant by which the former agreed to sell to the latter the land in question for the sum of $3,000 cash. It is true the proof of the contract in part was made by a witness, who was the agent of plaintiff, and who

dealt directly with P. W. Ditsch who had died before the trial. Claim was made on the trial and is renewed here that the witness was incompetent, under the statute, to testify, on account of the death of Ditsch who was a party to the contract.

In equity cases incompetent evidence admitted on the trial, can be disregarded by the appellate court; so, speaking generally, the admission of such evidence is not reversible error. This is so when, rejecting the incompetent evidence, the conclusion of fact will be unchanged. The witness, whose incompetency is charged, testified to the agreement for the sale which he said was made between himself, as agent of the plaintiff, and Mr. Ditsch. Under the construction we have given to the statute, he was not a competent witness to the transaction. *Banking House v. Rood*, 132 Mo. 256. But a witness, called by defendant, confirmed this evidence, as did likewise all the circumstances. We need not go into the evidence on this question in detail, as defendant does not really dispute that such a verbal agreement was made.

II. The first substantial defense is that the contract, being for the sale of real estate, can only be proved by some writing signed by the party to be charged and there was, therefore, a failure of proof. Plaintiff meets this defense by the charge that there was such part performance of the contract on the part of plaintiff, and acceptance thereof on the part of defendant's ancestor, as prevents the interposition of the statute of frauds as a defense. The agreed price for the property, as it stood at the time of the contract, was $3,000, to be paid in cash on certain conditions in respect to the title, and on the condition that plaintiff would build an addition to the house at a cost of five hundred dollars, this amount to be added to the purchase price. Mr. Ditsch prepared the plans and speci-

fications for the addition and superintended the work, and when completed plaintiff paid the contractor $500, the contract price therefor.   This contract was let on the twentieth of April, 1891, and the improvement was completed in about thirty days thereafter.   On the first day of December, 1890, a few days after the date of the alleged agreement, Ditsch paid, or gave over to plaintiff, the sum of $3,000, and plaintiff executed and delivered to him his note for the same amount payable six months after date with interest from maturity, and also a deed of trust on said property purporting to secure said note.   The parties differ as to the purpose of this last transaction.   Plaintiff's theory is that the contract could not be entirely executed until the spring of 1891, and he desired that the purchase money should be made available to him.   To accomplish this the money was paid by Ditsch and the note and the deed of trust were made by plaintiff to secure him in case the contract of sale was not carried out.   On the other hand the defendant insists that the transaction was an independent loan of $3,000, with the deed of trust as security, and had no connection whatever with the contract of sale.   If these acts were referable to the verbal contract of sale, and were done by the parties with the intention of carrying it out they were undoubtedly sufficient to estop both parties to invoke the statutes of frauds to defeat the contract.   Plaintiff built, at his own expense, the addition to the dwelling house and Ditsch paid the agreed purchase price. Nothing remained to be done, on the part of the plaintiff, but to make to Ditsch such title to the land as the contract contemplated and on the part of Ditsch to refund the cost of the improvement. Considering the evidence and all the circumstances, we are of the opinion that the acts done were in performance of the contract, notwithstanding the positive

evidence of one of defendant's witnesses that Ditsch said in reference to the payment of the money: "If I let that money go I want to be sure the money will be paid when it becomes due, and that it shall have nothing to do with this talk that Green and I have had about the sale of the property." One of plaintiff's witnesses testified: "The abstract of the property had been submitted to Mr. Traber for examination, and he found some objections to it, which he said would have to be fixed before Mr. Ditsch would buy the property. I told him the party (meaning his brother, John J. Green) would like to get some money on it, and Mr. Traber suggested a deed of trust for $3,000, which was given, and the amount to me less interest $180, which was deducted as Mr. Ditsch claimed until he got possession of the property." This money was paid December 1, 1890. At that time the attorney of Ditsch made some objections to the title which he thought could be corrected and the addition was to be built. One hundred and eighty dollars was deducted from the $3,000. This was done to compensate for delays, the transaction being for cash and immediate delivery of possession. The contract for the improvement was not made until April, 1891. This improvement was made according to plans and specifications made by Ditsch himself and was superintended by him and defendant. Indeed, some extra work was done under their direction and for which they paid. Under these facts no other conclusion can be fairly drawn than that, while this addition was being constructed, Ditsch intended to carry out the contract, in which case the $3,000 should be applied as payment for the property. We ought to give such construction to the acts of the parties as will be consistent with honesty and fair dealing. We ought not to infer that Ditsch intended, after the improvement had been paid for by plaintiff,

to foreclose his deed of trust and thereby defeat his contract and appropriate the improvements he had induced plaintiff to put upon the land.

III.   But defendant claims that plaintiff failed to correct the defects in the title and was unable to make good title to the land, and therefore the conditions upon which the sale was made failed, and he had the right, therefore, to foreclose the deed of trust.   There can be no doubt that under the contract plaintiff was required to furnish Ditsch a good marketable title to the land and unless such a title was tendered within a reasonable time he had the right to rescind the contract and demand a return of the purchase money and on refusal could foreclose his deed of trust.   We find in the record the following stipulation in respect to the title:   "It is agreed by counsel for defendant and plaintiff that said abstract furnished by Green showed that at the date of the alleged contract of sale from Green to P. W. Ditsch the title of said Green to the property in question was the same as the title to the property in question in the case of *Mitchener v. Holmes*, decided by the Supreme Court at the April term, 1893, June 27, and reported in 22 Southwestern Reporter, page 1070."   The case referred to will be found reported in volume 117, Missouri Reports, at page 185.   The conclusion of the court in that case (page 212) was that the title was good and marketable. It appears from the evidence that defendant refused to pay the amount expended by plaintiff in making the improvement, or to accept a deed to the property, but instead proceeded to sell the land under the deed of trust.   The sale was made in December, 1891, Ditsch himself was the purchaser for $1,000, and the title was transferred to him by deed from the trustee.   Thus he secured the title and possession of the property, refuses to pay the balance of

the purchase price, and holds possession against plaintiff. He not only gets the property, but holds the balance of the note as a personal obligation against plaintiff. But defendant now insists that the condition of the purchase was, not that the title should be marketable, but that it should be such as his attorney would say was perfect, and about which no question could be raised. It appears that after plaintiff had furnished an abstract of the title, the attorney of Ditsch did point out some objections to the title, and that at that time he stated that he had previously had trouble about the title to another piece of land he had bought and he would not take the land if there was any kind of question in regard to the title. That he would do just as his attorney told him. We are able to find no such agreement on stipulation in the original contract. The contract was partly performed after the defects had been pointed out. The defects noted were the same as those held to be insufficient in *Mitchener v. Holmes, supra,* to defeat a contract of sale. In a sale of land, without condition, there is an implied covenant on the part of the vendor to make a good marketable title to the land. "He should have a title which would enable him, not only to hold his land, but to hold it in peace, and if he wishes to sell it, to be reasonably sure that no flaw or doubt will come up to disturb its marketable value." Waterman on Spec. Perf., sec. 412; *Mastin v. Grimes,* 88 Mo. 478; *Mitchener v. Holmes, supra.* But there is no implied covenant that the title will be such as the vendee may be willing to accept, or that his attorney may pronounce good and marketable. Nor has either party the right to add such a condition to the contract as originally made. They must abide by the agreement as originally made unless changed by mutual consent.

There was evidence to the effect that Ditsch

declined to make a written contract, on the ground that in case of his death, and he was then old and infirm, there would be trouble and expense in settling the matter and securing the title, but at the same time plaintiff was assured that the contract would be faithfully executed. The arrangement made by taking the deed of trust, with power of sale, was such as to place the legal title in the hands of a trustee and to insure a transfer to Ditsch in case plaintiff failed to perform his part of the contract. Plaintiff has fully performed and nothing remains to be done but to place the parties, as near as possible, in the situation they would have occupied had the contract been faithfully carried out by them. This we think was done by the decree of the circuit court and it is affirmed.

PER CURIAM.—The foregoing opinion prepared by our late associate, MACFARLANE, P. J., having been duly considered, is adopted as the opinion of the court, and in accordance therewith the decree of the circuit court is affirmed, BRACE, P. J., and ROBINSON and WILLIAMS, JJ., concurring.