OF THE

## STATE OF MISSOURI

AT THE

### OCTOBER TERM, 1899.

---

(*Continued from Volume 153.*)

---

## HALL et al., Appellants, v. DOUTHETT, Executrix.

### Division One, February 5, 1900.

1. **Setting Aside Deed of Trust:** INDEMNITY CONTRACT: CONSIDERA-
   TION. Plaintiff made a warranty deed to defendant, and afterwards
   when a third party brought suit against the defendant, executed for
   his benefit a deed of trust, which by its terms is an indemnity con-
   tract substituted for the covenants of warranty contained in the
   deed. At the time the indemnity deed of trust was executed plain-
   tiff was solvent, but the answer to this suit to set the deed of trust
   aside, pleads that she is now insolvent. *Held,* that, judgment
   being on the pleadings, the deed of trust can not be set aside as
   having been made without consideration.

(1)

Transferred from St. Louis Court of Appeals.

AFFIRMED.

*White & McCammon* for appellants.

(1) The deed of trust set out in plaintiff's petition was entirely without consideration, a *nudum pactum*. Where a collateral undertaking is subsequent to the original undertaking and was not an inducement to it, though the subsisting liability is the ground of the new promise, there must be some further consideration in order to support the collateral undertaking. Peck v. Harris, 57 Mo. App. 470; McFarland v. Heim, 127 Mo. 333; Lingfelder v. Wainwright Brewery Co., 103 Mo. 593; Williams v. Williams, 67 Mo. 665; Pfeifer v. Kingsland, 25 Mo. 66. (2) The plaintiff adopted the proper remedy in this action. While the deed of trust was void, so far as it attempted to pass a beneficial interest, yet it did pass the legal title, and therefore plaintiff is entitled to have it removed by proceeding in equity. Schanewerk v. Hoberecht, 117 Mo. 32; Murphy v. Simpson, 42 Mo. App. 656; Town v. Bowers, 81 Mo. 496; Merchants' Bank v. Evans, 51 Mo. 346; Lockwood v. St. Louis, 24 Mo. 20; Merchants' Bank v. Kansas City, 73 Mo. 559.

*T. J. Delaney* for respondent.

(1) The considerations apparent on the face of the instrument are: (a) A breach of her covenant of seizin, to wit: An outstanding life estate. (b) A probable breach of her covenant of seizin, to wit: The alleged title in fee in Annie Newberry. (c) The pendency of a suit in ejectment. (d) Her anxiety to defeat the pending action with a view

of compromising the outstanding claim.    This is apparent from the recitals of the deed that if the title of Annie Newberry "shall become well vested by proper conveyances in Douthett by the act or procurement of said Martha Hall," then the indemnity contract is to be void.    (e)    The moral obligation to defend said suit.    (f)    The permission granted her to interpose the outstanding life estate and thus prevent Douthett from settling his title in that litigation.    (g)    The indemnity contract was substituted for the covenant of warranty.    (2)    The moral obligation to protect her grantee when coupled with her legal liability on covenant is a sufficient consideration to support the instrument.    This is elementary.    (3)    Douthett's liability to loss on account of Mrs. Hall's defective title furnishes a sufficient consideration for the mortgage.    Simpson v. Roberts, 35 Ga. 180.

BRACE, P. J.—This is an action to set aside a deed of trust given by the plaintiff Martha L. Hall, to a trustee, for the benefit of James H. Douthett, on the ground that the same is without consideration, and a cloud upon her title. The deed duly executed, acknowledged and delivered by the plaintiff Martha L. Hall, and recorded, as set out and embodied in the petition, is as follows:

"This deed, made and entered into this 15th day of May, 1886, by and between Martha Hall, single and unmarried, party of the first part, and J. T. White, party of the second part, and James H. Douthett, party of the third part, witnesseth:    That for and in consideration of the trust hereinafter mentioned and created, and of the sum of 'one dollar to her paid, the said Martha Hall does by these presents grant, bargain, sell and convey unto the said J. T. White, and to his heirs and assigns, forever, the following described tract of land situated in the county of Greene and State of Missouri, to wit:    The west half of lot numbered five and all of lot numbered six in block eight in the city of North Springfield,

in said county and State, with all rights and privileges and appurtenances thereto belonging.   In trust, however, for the following purposes:

"Whereas, said Martha Hall, by her certain deed, executed and delivered on the 9th day of August, A. D. 1884, granted, bargained and sold unto the said James H. Douthett lot twelve in block eighteen of the town of North Springfield, Missouri, according to the original plat of said town; and,

"Whereas, Martha Hall claimed title to said last described premises, by, through and under a sale of said premises made by one Harry Taylor, as guardian of Annie Taylor, now Annie Newberry; and,

"Whereas, doubt exists as to the legality of said last mentioned sale; and,

"Whereas, said Annie Newberry and those claiming under her claim title to and an interest in said premises; and,

"Whereas, said Martha Hall desires to protect said Douthett, his heirs and assigns, and all persons claiming under him, against all interference by said Annie Newberry, and those claiming under her.

"Now if said guardian's sale shall, in the proceedings now pending in the circuit court of Greene county, Missouri, be adjudged invalid and it be adjudged that said sale passed all the interest of said Annie Newberry, or if in any other proceedings hereinafter instituted it shall be so adjudged by a court of competent and final jurisdiction, it be adjudged that neither Annie Newberry nor any person claiming by, through or under her, have any title or interest in or to the lot in dispute, or if the interest or estate of said Annie Newberry, or those claiming under her (if any she has or they have) shall become well vested by proper conveyances in said Douthett, or those claiming under him, by the act and procurement of said Martha Hall, or her heirs or assigns, or devisees, then the property hereinafter conveyed shall be released at the cost of said first party, but if judgment of ouster for said premises

be rendered in a trial court of competent jurisdiction in behalf of said Annie Newberry, or any person or persons claiming for, by, through or under her, against said Douthett or any person or persons claiming under him, and no appeal shall be taken therefrom at the expense of said Martha Hall, or her assigns, or heirs, or devisees, upon the request of said Douthett, or any one claiming under him, or if such appeal be taken and said judgment of ouster shall in the appellate court be affirmed then this deed shall remain in full force and the said party of the second part, or in case of his death or absence from the State of Missouri, or refusal to act, then the sheriff of the county of Greene, in the State of Missouri, acting as such for the time being, may proceed to sell said property first hereinbefore described, or any part thereof, at public vendue, to the highest bidder, at the courthouse entrance on the Square in Springfield, county and State aforesaid, for cash, first giving twenty days' public notice of the time, terms and place of sale and of the property to be sold, by advertisement in some newspaper printed in the said county of Greene, and upon such sale shall execute and deliver a deed or deeds in fee simple of the property sold to the purchaser or purchasers thereof (and all statements in every such deed contained, in relation to the execution of the trust, shall in all courts of justice be held to be *prima facie* true) and receive the proceeds of sale out of which shall be paid first the purchase price paid by said Douthett to said Martha Hall, to wit, nine hundred and fifty dollars, with interest at the rate of six per cent per annum from the 9th day of August, 1884, to and including the day of the sale thereunder.

"The said Martha Hall further covenants and agrees for herself, her heirs and assigns, as follows:   That for the better protection of said Douthett and all persons claiming said property under him she will promptly pay all taxes, general or special, that are now due or that may hereafter become due on the property herein conveyed and protect it from all liens supe-
the property herein conveyed and protect it from all liens .

superior to the lien by this deed created, that she will keep and maintain insurance on the property herein conveyed in a sum not less than $500 and assign said policy to said Douthett, or his heirs or assigns, and in case of breach of any of said covenants the said Douthett, or any person claiming under him, may pay such taxes or remove said liens or maintain said insurance, and all amounts by said Douthett, or those claiming under him so expended shall be and are hereby declared to be a lien on the property herein conveyed and enforcible by sale as hereinbefore provided.

"It is further agreed that if after final judgment in a trial court, as hereinbefore mentioned, the said Martha Hall, or any person claiming the property herein conveyed under her, shall, after demand made by Douthett, or any one claiming the disputed premises under him, refuse to appeal from said judgment, or if any appeal be taken and said judgment be affirmed and the said Martha Hall, or any person claiming the property herein conveyed under her, shall neglect or refuse, before eviction under said judgment, to acquire the title and thereby protect Douthett, or his assigns or heirs, then the said Douthett, or his heirs or assigns, or legal representatives, may at his or their option buy in and acquire in good faith and at the lowest and best price the outstanding title and prevent eviction, provided the sum paid by Douthett, or his heirs or assigns of such outstanding title, shall not exceed the purchase price originally paid by said Douthett to said Hall with legal interest from date of original purchase to the time of acquiring the outstanding title, and in the event such purchase is made by Douthett, or his heirs or assigns, the amount so paid by him or them shall become, and it is hereby declared to be, a lien on the property herein conveyed to an amount not exceeding $950 and legal interest from date of original purchase by Douthett to date of sale hereunder, and for the amount so paid said Douthett, or his heirs or assigns, shall be reimbursed out of the proceeds of the sale of the property herein conveyed, and the

sale for said purpose shall be made by the person in the manner and at the time hereinbefore described, and the deed executed with recitals therein shall be taken *prima facie* true, as hereinbefore stated.    In the event of a sale hereunder, after satisfying the trust hereby created, the balance of any proceeds of sale shall be paid to the said Hall, or her heirs or assigns.

"In witness whereof the parties have hereunto set their hands and seals the day and year aforesaid."

The answer of Douthett since deceased, is as follows:  ·

"Comes defendant and for answer to plaintiff's petition admits that plaintiff, Martha Hall, was the owner of the property described in her petition and admits that she did, on the 15th day of May, 1886, execute and deliver the deed of trust described in said petition.

"But, further answering, defendant says that said Martha Hall did, on the 9th day of August, 1884, by deed of general warranty, duly executed and delivered, convey to defendant lot 12, block 18, original town of North Springfield, and did covenant against incumbrances and did covenant that she was seized in fee and did covenant to warrant and defend the title thereto; that at the date of said conveyance the said Martha Hall was not seized in fee, but the fee of said lands was then, as defendant believed and so states, to be in Annie Newberry for the reason following:

"Defendant says that one Taylor died seized of said land, leaving as her only heir Annie, a minor, who afterwards married Newberry and leaving her husband surviving; that thereupon and thereafter, and while said Annie was still a minor, the said Taylor, as natural guardian, filed his application in the circuit court of Greene county, Missouri, on the 6th day of December, 1876, praying for an order for the sale of said real estate for the purpose of educating and maintaining said minor, and on said day the said court ordered the sale of said real estate at private sale for the purpose of supporting and educating said minor.   All of which will

appear from a copy of said judgment herewith filed and made a part of this answer by agreement and express reference. That by virtue of said order said guardian did sell said lot at private sale to one Patton, who thereafter conveyed the same to plaintiff, Martha Hall. Defendant says that said sale is void, because the said circuit court had no jurisdiction to order said sale.

"Defendant further says that thereafter, at the May term, 1886, of Greene County Circuit Court, the said Annie Newberry, then being of full age, instituted a suit in ejectment against defendant herein to recover the possession of said lot 12, and notice was duly served upon the plaintiff, Martha Hall, to defend the same; that thereupon said plaintiff employed counsel to assist defendant in the defense of said action and interposed the outstanding life estate then and now vested in the father of said Annie Newberry; that at that time said plaintiff was solvent and could respond in damages for a breach of warranty, if such breach occurred, and defendant insisted upon a trial on the merits, which plaintiff objected to. And thereupon it was agreed that such defense should be made of outstanding title, and that plaintiff would secure and protect defendant against possible loss by executing and delivering the deed of trust described, and the same was executed and delivered, in consideration of said premises, and was voluntarily without any fraud or misrepresentation on part of defendant and was executed under seal; that defendant relied thereon and permitted plaintiff to defeat said suit by interposing said defense, and defendant says that since the execution of said deed of trust plaintiff became insolvent, and if said deed of trust is canceled, can not respond in damages, as defendant states that plaintiff is about to sell and will sell said property if said deed of trust is canceled. Wherefore he prays judgment."

The plaintiff demurred to the answer, and upon her demurrer being overruled, refused to plead further. There-

upon the court rendered judgment for the defendant dismissing plaintiff's bill and for costs. From which judgment Douthett appealed to the St. Louis Court of Appeals. While the case was pending in that court Douthett died and his executrix, Olivia L. Douthett, was substituted as defendant in his place. Afterwards it appearing to that court that the title to real estate was involved (Overton v. Overton, 131 Mo. 559), the case was transferred to this court.

(1) The material allegation in the petition is, " that said deed of trust was made and delivered without any consideration whatever, but for the reasons mentioned in said instrument." The judgment for the defendant being on the pleadings, the ultimate facts, upon which the judgment for the defendant rests, are to be deducted from the answer, and the recitals in the deed of trust. When so deduced and formulated, the following case is presented.

The plaintiff, on the 15th of May, 1886, having theretofore incurred a contingent liability to Douthett on her covenants of seizin and warranty in her deeds to him of the 9th of August, 1884, and there being then pending in the Greene County Circuit Court an action in ejectment against him for the real estate thereby conveyed by one claiming title superior to his, she, being then solvent, entered into an agreement with him by which she agreed that if he would forbear asserting the title acquired by him from her, as a defense therein, whereby her contingent liability on those covenants might become absolute and the measure of his damages for a breach thereof fixed, and instead, for his defense would interpose an outstanding title in another, she would give the deed of trust in question. Douthett agreed so to do, and performed his part of the contract, and plaintiff performed her part of the contract by executing the deed of trust, and thus this contract became executed— and now after she has for years enjoyed the benefits of this executed contract, and has become insolvent, and the remedy Douthett might have enforced against

her upon her covenants but for this contract, has become value-less, she comes into a court of equity, and asks that the deed of trust, by which Douthett was induced to enter into the contract and perform his part thereof may be declared void for want of consideration. That such a demand could have no standing in a court of equity is apparent upon the face of the statement and neither authority nor argument is necessary to sustain the chancellor in refusing the plaintiff's prayer. The cases cited by counsel for appellant are not in point.

The judgment of the circuit court is affirmed. All concur.