BY THE

## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

OCTOBER TERM, 1906.

*(Continued from Volume 122)*

T. C. MONSON, Respondent, v. GEORGE W. and J. R. RAY, Appellants.

### Kansas City Court of Appeals, January 14, 1907.

**PRINCIPAL AND AGENT: Partnership: Contract: Parol Evidence.** A written contract in express terms created a partnership between certain parties and made the plaintiff the agent of some of the parties to conduct the business as to their interests. The instrument was complete in every respect. The overwhelming evidence was that the instrument was intended merely as a security for the protection of some of the defendants. *Held,* the verbal testimony was inadmissible for the purpose of altering or changing the written contract and the answer being a general denial no fraud was charged in the procurement of the contract; even an omission from a written contract cannot be supplied by parol evidence.

Appeal from Platte Circuit Court.—*Hon. Alonzo D. Burnes,* Judge.

AFFIRMED.

*Sidney Beery, James H. Hull* and *Lucian J. Eastin* for appellants.

(1) It was error to refuse to strike out second paragraph of the petition. (2) It was error to give

instruction number 5 on behalf of the plaintiff. (3) The jury might have believed defendant's witnesses if it had been permitted to consider their testimony, but this instruction declared the title to be absolutely in defendants and left no room for the jury to find that Ray had merely furnished Monson the money, and that Monson was the real owner, working in the store for himself, and not for the defendants, and that the writing of November 11th was intended as a lien to secure Mr. Ray. The verdict in view of this instruction, is no surprise. Instructions which are in the nature of a comment on the evidence are improper and should not be given. Carroll v. Paul, 16 Mo. 226; Chauquette v. Barrada, 28 Mo. 491; Fine v. Public School, 30 Mo. 166; Railroad v. Stock Yards Co., 120 Mo. 541.

*W. A. Banister, Anderson & Carmack* and *Woodson & Woodson* for respondent.

(1)   The main ground upon which a reversal is asked, seems to be, the alleged error of the trial court in giving instruction numbered 5 for the plaintiff. This instruction is anathematized as mandatory, and usurpatory, as singling out certain papers in evidence to improperly comment upon, etc. When the rights of litigants depend upon the legal effect of written instruments, it is the right and duty of the court to declare their effect. Bank v. Fry, 168 Mo. 514; Chapman v. Railroad, 114 Mo. 542; Lumber Co. v. Warner, 93 Mo. 514; McClurg v. Whitney, 82 Mo. App. 625; Michael v. Ins. Co., 17 Mo. App. 23; Heim Brewing Co. v. Metta & Kenne, 51 Mo. App. 482; May v. Sloan, 101 U. S. 231; Thomas v. Ins. Co., 47 Mo. App. 169; Brecherson v. Coffey, 15 Mo. App. 80; State to use v. Donnelly, 9 Mo. App. 519; Brook v. Ins. Co., 11 Mo. App. 349. (2) The purpose of instructions is to advise the jury of the legal effect of evidence. To declare the legal effect is not a comment on the evidence. Clark v. Cordrey, 69 Mo. App. 6.

(3) It was the duty of the court to construe the written instrument and declare its legal effect, and the complained of instruction numbered 5 refers to instruction numbered 6 in order that no possible confusion might exist. Minter v. Bradstreet Co., 174 Mo. 447. (4) The answer in this case was a general denial. No fraud, accident or mistake was pleaded, all negotiations precedent and contemporaneous in relation to a contract reduced to writing, are conclusively presumed, in the absence of fraud, accident or mistake to have been entirely merged and expressed in the written instrument. Boyd v. Paul, 125 Mo. 13; Tracy v. Iron Works Co., 104 Mo. 103; Jones v. Shipley, 90 Mo. 307. And verbal testimony is inadmissible for the purpose of altering or changing a contract in the absence of fraud, etc. State v. Cunningham, 154 Mo. 172; Rogers v. Ramey, 137 Mo. 598; Woodson v. Ritchie, 36 Mo. App. 506;Boyd v. Paul, 125 Mo. 913; Squires v. Evans, 127 Mo. 518; Bank v. Terry, 67 Mo. App. 16, 17; Bank v. Cushman, 66 Mo. App. 104-5. (5) But if those omitted parts come within the statute of frauds, then parol evidence is inadmissible to supply them. Ringer v. Holtzclaw, 112 Mo. 519, 522; Kelley v. Tinsley, 143 Mo. 436; Cunningham v. Roush, 157 Mo. 341.

BROADDUS, P. J.—Plaintiff's evidence tends to establish the following facts, viz.: prior to April 1, 1902, Dix and Bruce were engaged, as partners, in the mercantile business at Dearborn, Missouri, at which date plaintiff contracted with said firm for a one-third interest in their business, which is evidenced by a contract dated April 1, 1902. Prior thereto, one of the defendants had promised plaintiff to loan him the money to make such purchase, but not being satisfied with the security he declined to let plaintiff have the money, and, as plaintiff could not furnish the amount required, he claims that the sale was not completed. It appears, however, from

the testimony of Dix and Bruce that defendants at or about the 12th day of April, 1902, did pay to them the sum of $2,781.37, the agreed price for the said one-third interest in the business, but no articles of partnership were entered into at that time. But, subsequently, on the 11th day of November next following, Dix and Bruce and defendants entered into written articles of partnership, which contained stipulations that defendants were allowed to employ plaintiff to manage their interest and that the commencement of the business of the new firm should date from April 12, 1902.

Plaintiff testified that he entered into a contract with defendants of which the following, he says, is an unsigned copy, the original having been destroyed, viz. :

"Dearborn, Mo. April 12, 1902.

"The firm of Dix & Bruce having this day sold the undivided one-third interest in their general merchandising business to G. W. and J. R. Ray, the profits or losses in said business to be proportionally shared between them. It is stipulated that T. C. Monson is to work for and manage interests of said G. W. and J. R. Ray in said business; and for such services and the payment of six per cent interest on the amount said G. W. and J. R. Ray may have invested in said business, the said T. C. Monson is to have all the profits that may accrue to them or bear their part of the losses, if any occur, in said business." Although said alleged contract was dated April 12, 1902, plaintiff says it was not executed until sometime in May or June following.

Plaintiff testified that from said April 12, 1902, to June 1st, he was at work in the store under the contract of purchase that he had with Dix and Bruce. After that he worked, he says, in the store under his contract with defendants until September 1, 1904, at which time he was discharged by defendants; that he paid the defendants six per cent interest on the amount of their investment; and that the defendants' share of the profits

during the time mentioned was $2,810.15, out of which during the time of his service he had drawn out $1,042.-43, leaving a balance due him $1,768.08.

On the other side, George Ray, one of the defendants, testified that he agreed to loan the plaintiff the money to buy the goods, but that for certain reasons he declined to let him have it, and that he paid to Dix and Bruce the agreed contract price with checks of his own and that of J. R. Ray. He stated that soon thereafter he became dissatisfied with the uncertainty of the relation which the parties sustained towards each other and applied to plaintiff to have a definite understanding thereto; that plaintiff drew up an agreement which he signed, but at once he discovered on closer inspection it was not what he had agreed to, and he then and there tore it up in the presence of plaintiff, who made no objection to his so doing, and said that he would draw up another. He denied that the paper produced by plaintiff purporting to be a copy of the one destroyed was such in fact.

Defendants' evidence tends to show further that plaintiff treated the interest in the store as his own and that the contract of partnership between themselves and Dix and Bruce was merely for the purpose of securing payment of the money loaned plaintiff. And it appears from the testimony of M. L. Dix, one of the partners, that in November, 1902, plaintiff and defendant George W. Ray, while in the store, both stated that they wanted himself and Bruce to witness their contract. Plaintiff then said that the contract between them was that Ray had loaned him the money to pay for the goods, which he was to pay back with six per cent interest. Witness also stated that they said they had been trying to draw up a contract between themselves, but had not succeeded in writing one that was satisfactory and asked him to write one. They told him to draw up a contract that would show that Ray had furnished plaintiff the money to

pay for the stock of goods that he had bought of witness (Dix) and Bruce and that they wanted it as a lien or something to secure Ray for the money. He then drew up the contract dated November 11, 1902. This witness also testified that during the second year after plaintiff came into the business plaintiff wanted to sell to himself and Bruce the said one-third interest, and that he repeated his offer to sell several times.

R. H. Bruce testified that an invoice of the goods was completed on the 12th of April, 1902, at which time plaintiff and George W. Ray came into the store together; that they looked over the invoice and divided it into three parts and Ray drew two checks, one signed by his own name and the other by the name of his co-defendant; that after the checks were given they went ahead and worked together in the business until September 1, 1904; that plaintiff said after the checks were given and while the business of the partnership was in progress that he had borrowed the money from Ray to pay for a third interest in the partnership and that he was to pay him six per cent interest and share a third of the profits; that along in November, Ray came to the store and said to plaintiff that he was not satisfied with the way things were going on; he said in case of fire there would not be anything left for him to get his money; that in case plaintiff should die his wife might think he (plaintiff) had paid the money for the goods and that there would be nothing to show that he (Ray) had paid the money; he said that he thought they should have some kind of writing to show that he had loaned the plaintiff the money; that plaintiff made no objections; that before that time he (witness) knew that plaintiff and Ray had tried to draft an agreement but failed; and that after that they got Dix to write the agreement, at which time plaintiff and Ray stated that the latter had loaned the money to the former.

The jury returned a verdict for plaintiff for $1,709.-

37, upon which judgment was rendered and defendants appealed.

The defendants have raised several questions on their appeal pertaining to pleading and practice, but there is one among them of vital importance; which arises out of the action of the court in giving instruction numbered five for the plaintiff and in refusing to give instruction "A," requested by the defendants.

Instruction five reads as follows: "The court instructs the jury that it is admitted in this case, that M. L. Dix, R. H. Bruce and defendants signed the contract read in evidence and dated November 11, 1902, and the court instructs you that said contract created a co-partnership between said four persons, and vested in M. L. Dix and R. H. Bruce each one-third, and vested the other third of the mercantile business and property mentioned in said contract in G. W. Ray, as owners, and said contract is now and has been in force and effect from and after April 12, 1902, provided you find the facts to be stated in instruction No. 6 given for plaintiff."

Instruction "A" is as follows: "If the jury believe from the evidence that defendants accepted and received the title to a one-third interest in the general store mentioned in the evidence, merely as security for money advanced by them to plaintiff, and that plaintiff was the owner of said one-third interest in said store, subject to the payment of the money borrowed from defendants, then your verdict will be for the defendants."

Defendants' argument is that as their evidence tended to show that the writing dated November 11, 1902, was designed alone to afford security to defendants for money loaned to the plaintiff, it was error in the face of such testimony for the court to declare, as a matter of law, in said instruction numbered five, that said writing made defendants partners in the business and the plaintiff their agent. And they cite authorities to the effect that where the evidence is conflicting, an

instruction of such character should not be given. No one will deny the soundness of this proposition as a general rule, but it does not apply in this case. The writing mentioned, in express terms, creates a partnership between Dix, Bruce and defendants and makes plaintiff the agent of the latter to conduct the business so far as their interest as such partners is involved. The instrument is complete in every respect. It is true the evidence is overwhelming to the effect that it was intended merely as a security for the protection of defendants for the money they had loaned plaintiff to buy into the partnership, and that the instrument did not express the intention of the parties.

There is no principle of law better settled than that verbal testimony is inadmissible for the purpose of altering or changing a written contract, in the absence of fraud or mistake. [State v. Cunningham, 154 Mo. l. c. 172.] The answer in this case was a general denial and no fraud or mistake is charged in the procurement of the contract. In fact, the parties knew what they were doing; the only mistake they made was as to the legal effect of the instrument. The court, under the state of the pleadings, was in duty bound to declare the legal effect of the writing. For a like reason the court was justified in refusing to instruct as asked in instruction "A." Even if anything had been omitted from the writing, parol evidence, it is held, is inadmissible to supply such omission. [Boyd v. Paul, 125 Mo. 9; Cunningham v. Roush, 157 Mo. l. c. 341; Kelly v. Thuey, 143 Mo. l. c. 436.] Other objections to instructions are not well taken.

Objection is made to the second clause of plaintiff's petition on the ground that it contains a statement of unnecessary matter and that the court committed error in overruling defendant's motion to strike it out. Defendants admit that it contains matter that was properly evidence in the case. The petition would have been

sufficient without the clause, but, as it in no way imposed any additional burden on defendants, they were not prejudiced by it. Finding no error in the record, the cause is affirmed. All concur.

### ON MOTION FOR REHEARING.

In the original opinion, by inadvertence instruction numbered five was omitted. We have supplied the omission which makes the opinion complete as it was intended. We are satisfied with the conclusion formed and the motion will be overruled.