# C. P. LEACH, Respondent, v. JAMES A. LYNCH, Appellant.

### Springfield Court of Appeals, May 2, 1910.

1. **JUSTICES OF THE PEACE: Pleading: Sufficiency of Statement: Injury to Animals.** In an action for an injury to a goat instituted in a justice's court, the allegation in the statement that the defendant did "dog, weary, mistreat and abuse and break the leg of a goat" was held a sufficient allegation that the injury was wrongful, which is all that is required.

2. **ANIMALS: Duty to Fence Against Domestic Animals: Goats.** In counties where the people have not voted to restrain domestic animals, they have the right to run at large, and the party who wishes to keep them off his premises must fence against them. Under the statutes, goats are included in the same category with cattle, hogs, horses and sheep (Revised Statutes, Secs. 4777, 4783).

3. ————: ————: **Injury to Animals: Burden of Proof: Instructions.** In an action for an injury to a goat in a county where the stock law was not in force, plaintiff made out his case by proving that the goat was injured by defendant in an attempt to get it out of his field. The evidence also showed that the fence around the field was not good. *Held*, that although defendant had a right to remove the goat, the burden was cast upon him to show that he exercised proper care in so doing. *Held, further*, that under the evidence in this case defendant failed to relieve himself of this burden and that it was proper for the trial court to refuse instructions submitting the question of defendant's exercise of proper care in removing the goat.

Appeal from Howell Circuit Court.—*Hon. W. N. Evans,* Judge.

AFFIRMED.

*J. N. Burroughs* for appellant.

(1) The statement wholly failed to allege a cause of action either under the statute or at common law. In alleging a statutory action it is necessary that facts be

alleged sufficient to bring the case within the statute. Kennedy v. Railroad, 45 Mo. 255; Camp v. Railroad, 94 Mo. App. 272. This failure was not raised in the trial court, but may be raised for the first time on appeal. Weal v. Greene Co., 69 Mo. 281; Usher v. Telegraph Co., 122 Mo. App. 112. (2) Defendant was not required to maintain a lawful fence against animals not properly restrainable by common fences, like horses, cattle, sheep, etc. Canefox v. Crenshaw, 24 Mo. 199. (3) A party who is given leave or license to do an act which falls within the inhibition of the statute is only liable in the event he negligently performs the act resulting in injury. Archer v. Railroad, 110 Mo. App. 349.

*Green & Green* for respondent.

COX, J.—This action originated in a justice's court upon the following statement:

"Now comes C. P. Leach, and upon oath says that one James A. Lynch did, on the 11th day of April, 1909, dog, weary, mistreat and abuse and break the leg of a goat belonging to C. P. Leach, for which he demands a judgment for five dollars and cost.

C. P. LEACH."

"Dated this 14th day of April, 1909.

Sworn to before me this 14th day of April, 1909.

J. C. FARE, J. P."

On appeal to the circuit court the case was tried before a jury and plaintiff obtained a verdict for one dollar and defendant has appealed to this court. In the motion for a new trial errors are alleged in the giving and refusing of instructions, and charge is made that the verdict is against the law and the evidence. In the assignment of errors it is contended that the court erred in giving and refusing instructions, and in overruling defendant's motion for a new trial.

In his brief and argument appellant raises the question for the first time in this court that the statement filed before the justice is insufficient to support the verdict. In support of this contention he takes the position that the statement is not an action under the statute for failure to maintain a lawful fence; that if it be denominated an action at common law for trespass it is not good because no negligence is alleged. We do not think this contention is good at this time. The allegation that the defendant did "dog, weary, mistreat and abuse and break the leg of a goat" belonging to plaintiff we think a sufficient allegation that the injury was wrongful, and that is all that is required. The evidence discloses that the defendant's fence around his premises was not good, and the goats belonging to plaintiff had been entering his enclosure and defendant testified that plaintiff had instructed him to dog the goats away from his premises, and as to the manner of injuring the goat, defendant himself testifies as follows:

"He traded for the goat in question on Saturday, and on Sunday I broke its leg; but he had told me to dog those goats, and when he traded for this goat, I did not know anything about it until I broke its leg; the goats kept coming—the fence was not very good as they have stated; we never said it was. We were keeping the stock out as best we could until we could get time to build the fence up. The goats was just in there, and I had run them out. About two hours later it seemed there was a fire in my fence. The men who was visiting me went with me, and going over there a little shepherd dog got after them and they got in the pasture again. This goat run, got under a drift like, and I got it out of there, and it run and got in a pool of water. I got it out of there by the horns and led it up to the fence and picked it up and started to throw it over the fence, and by some means it struggled and threw itself back, and in putting the goat

over the fence it stuck. I felt something hang, but it just barely did hang. I put the goat down, and when it went to walk off I saw it was crippled." There was also evidence that defendant's fence was a rail fence and that a rail fence, even if it complied with the law, would not restrain goats.

The court instructed the jury on behalf of plaintiff that if they believed from the evidence that defendant crippled the goat of plaintiff they should find for him. Defendant asked the court to instruct the jury that if the plaintiff had instructed the defendant to dog his goats and drive them from his premises then and in that event the defendant would not be liable for injuries the goat in question may have sustained while defendant was driving and removing it from his premises provided the defendant used reasonable care and caution to prevent injury to said goat.

Also if the jury believe that the goat in question belonged to a class of animals not properly restrainable by fences, as horses, cattle, sheep, etc., then in that event, defendant would not be liable for injury if he used reasonable care.

Further, that if the goat belonged to a class of animals that climb and break through fences that will restrain such animals as horses, cattle and sheep then in that event defendant would not be liable unless he wantonly and maliciously injured the goat.

And further that defendant was not bound to fence against animals that are not restrainable by common fences, lke horses, cattle and sheep, and that if he injured the goat in removing him from his premises he was not liable unless he injured him intentionally and maliciously.

The court refused all of these instructions asked by defendant and the correctness of the court's action in that respect is the real question in this case. In determining this question we note first that in this State domestic animals are commoners and have a right to

run at large and the party who wishes to keep them off his premises must fence against them. [Bradford v. Floyd, 80 Mo. 207, l. c. 211; Woods v. Carty, 110 Mo. App. 416, l. c. 423, 85 S. W. 124; McClean v. Berkabile, 123 Mo. App. l. c. 652, 100 S. W. 1109.] By our statute, which provides for elections to determine whether domestic animals shall be restrained from running at large, we find goats included in the same category with horses, cattle, hogs and sheep, sections 4777-4783, Revised Statutes 1899.

Under the law in this State, where there has been no vote of the people ordering goats restrained, they have the right to run at large, and defendant, having conceded that his fence was bad, the goat in question was not a trespasser when he was found upon his premises. Defendant, however, had the right to remove the goat from his premises, and, especially was this true if plaintiff had instructed him so to do, but this right to remove did not give him the right to injure, and if he did use proper care so that the injury was purely an accident that was matter of defense which it devolved upon him to prove. The plaintiff made out his case by proving the injury to the animal. It then devolved upon the defendant to show that the injury occurred without his fault, but in his testimony he fails to relieve himself of this burden. He tells us that he broke the goat's leg in putting it over the fence—just how it was broken, or just how he was putting the goat over the fence, does not appear, except that he said that he caught it by the horns and led it to the fence, and while putting it over, the goat in some way lurched back and after he had gotten it over he discovered that it was crippled. It may be that defendant was unable to tell the particular manner in which the leg was broken. He could, however, have described more accurately the manner in which he was handling the goat. He tells us, however, after stating that the goat got in the pool of water, "I got it out

of there by the horns and led it up to the fence, and picked it up and started to throw it over the fence." This of itself does not indicate that the defendant was using any care to prevent injury to the goat, but tends rather to show that his purpose was to get the goat out of his field, and that he was not very particular what happened to the goat while he was getting it out. Having admitted the injury, the burden was thus cast upon defendant to show that the injury happened without his fault, and we think the trial court was right in refusing all the instructions asked by defendant for the reason that his evidence does not tend to show that the injury occurred without his fault. The judgment will be affirmed. All concur.