NORTH CAROLINA NATIONAL BANK, A NATIONAL BANKING ASSOCIATION v. M. T. HAMMOND, AND FEDERAL RESERVE BANK OF RICHMOND

No. 7822SC175

(Filed 20 February 1979)

**Uniform Commercial Code § 36— forged endorsement on check—breach of warranty of good title by collecting bank**

> In an action by plaintiff seeking to recover reimbursement on a check presented by defendant Federal Reserve and paid by plaintiff, plaintiff was entitled to summary judgment where the check was paid by plaintiff after receipt from Federal Reserve with all prior endorsements guaranteed; upon discovery that payee's endorsement was forged, plaintiff timely demanded reimbursement from Federal Reserve since it was the collecting bank; Federal Reserve breached its warranty under G.S. 25-4-207(2) by failing to convey "good title" to the check in question; and Federal Reserve's contention that it did not breach its warranty of good title because defendant payee's signature was authorized was without merit since a third person's oral testimony that defendant payee gave him permission to endorse the check did not equal to or become a power of attorney. G.S. 47-115.1.

APPEAL by defendant, Federal Reserve Bank of Richmond, from *Collier, Judge.* Judgment entered 30 December 1977 in Superior Court, IREDELL County. Heard in the Court of Appeals 28 November 1978 in Winston-Salem.

On 3 November 1976, plaintiff filed a complaint against defendant M. T. Hammond, seeking $30,000.00 due because of a default under the terms of a promissory note. On 1 July 1977, plaintiff filed an amended complaint pursuant to court order, wherein as an alternate cause of relief, plaintiff sought reimbursement on a check presented by the Federal Reserve and paid by plaintiff since the signature on that check was forged, and therefore, the Federal Reserve did not have good title in accordance with G.S. 25-4-207.

On 16 December 1977, plaintiff bank moved for summary judgment against the defendant Federal Reserve Bank on the basis that the Federal Reserve Bank did not have good title due to the forged signature on the loan proceeds check. This motion was supported by an affidavit of James R. Durham, handwriting expert, who stated that the signature of defendant Hammond on the loan proceeds check was a forgery. Hammond also stated in an affidavit that his signature on the loan proceeds check was a

forgery. Defendant Federal Reserve claimed in its answer that the provisions of the North Carolina Uniform Commercial Code § 25-4-207 were not applicable in this case, since the loan proceeds check was signed by someone else, but with the authorization of M. T. Hammond. Federal Reserve filed an affidavit of Raymond M. Robbins, Jr. in reply to plaintiff's motion for summary judgment stating that Hammond authorized him to endorse the loan proceeds check and deposit the proceeds for ultimate payment to certain brokerage firms.

Judge Collier, after granting a motion to make Raymond Robbins an additional party defendant, granted summary judgment against defendant Federal Reserve since it did not have good title to the loan proceeds check as a collecting bank under § 25-4-207 of the North Carolina Uniform Commercial Code. From this judgment, defendant Federal Reserve appealed.

*Chamblee & Gourley, by Robert H. Gourley, for plaintiff appellee.*

*Sowers, Avery & Crosswhite, by William E. Crosswhite, for defendant appellant, Federal Reserve Bank of Richmond.*

ERWIN, Judge.

This appeal presents one question for our determination. Did the trial court err in granting summary judgment against defendant Federal Reserve? We answer "No." Defendant contends that there was a genuine issue of material fact as to whether or not defendant M. T. Hammond's signature was affixed on the loan proceeds check with his authorization. Federal Reserve asserted further that this issue of material fact should be determined by a jury in this civil action.

Rule 56(c) provides that upon motion for summary judgment, such judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, "show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." Federal Reserve, in response to plaintiff's motion for summary judgment, filed: (1) affidavits of Raymond M. Robbins, Jr. and (2) a portion of deposition of Robbins which tended to show that Hammond authorized him to endorse the loan

proceeds check and deposit the proceeds with his bank. Plaintiff contends that summary judgment was proper by reason of the following: (1) The check in question was paid by the plaintiff after receipt from Federal Reserve with all prior endorsements guaranteed. (2) Upon discovery that payee's endorsement was forged, plaintiff timely demanded reimbursement from Federal Reserve, since it was the collecting bank. (3) Federal Reserve breached its warranty under G.S. 25-4-207(2) by failing to convey "good title" to the check in question.

G.S. 25-4-207(2) provides:

"(2) Each customer and collecting bank who transfers an item and receives a settlement or other consideration for it warrants to his transferee and to any subsequent collecting bank who takes the item in good faith that

(a) he has a good title to the item or is authorized to obtain payment or acceptance on behalf of one who has a good title and the transfer is otherwise rightful; and

(b) all signatures are genuine or authorized. . ."

Under the statute, Federal Reserve warranted that it had a "good title" to the check, and all prior signatures were genuine or authorized. *Twellman v. Lindell Trust Co.*, 534 S.W. 2d 83 (Mo. App. 1976). "Good title," as used in G.S. 25-4-207, is not specifically defined. In real estate conveyances, "good title" has often been deemed synonymous with a marketable title. *Lea v. Bridgeman*, 228 N.C. 565, 46 S.E. 2d 555 (1948); *accord, Green v. Ditsch*, 143 Mo. 1, 44 S.W. 799 (1898). In *Green, Id.* at 12, 44 S.W. at 802, the Missouri Supreme Court sought to define a "marketable title":

" '[H]e should have a title which would enable him, not only to hold his land, but to hold it in peace, and if he wishes to sell it, to be reasonably sure that no flaw or doubt will come up to disturb its marketable value.' Waterman on Spec. Perf. sec. 412; *Mastin v. Grimes*, 88 Mo 478; *Mitchener v. Holmes, supra.*"

A title to be good should be free from litigation, palpable defects, and grave doubts. *Reynolds v. Borel*, 86 Cal. 538, 25 P. 67 (1890).

Federal Reserve did not convey "good title" to North Carolina National Bank, its transferee. The payee's endorsement

was forged. *Society Nat. Bank of Cleveland v. Capital Nat. Bank*, 30 Ohio App. 2d 1, 59 Ohio Op. 2d 1, 281 N.E. 2d 563 (1972).

Federal Reserve contends it did not breach its warranty of good title, because defendant Hammond's signature was authorized. This contention is without merit. Raymond Robbins' oral testimony that Hammond gave him permission to endorse the check does not equal to or become a power of attorney. G.S. 47-115.1; *O'Grady v. Bank*, 296 N.C. 212, 250 S.E. 2d 587 (1978). The purpose of requiring a written power of attorney is to put persons on notice of the terms and conditions of the power granted in the written document.

We find no genuine issue of any material fact. Plaintiff is entitled to summary judgment as a matter of law against Federal Reserve. We express no opinion as to any rights, if any, Federal Reserve may have against Hammond.

The judgment entered by the trial court is

Affirmed.

Judges VAUGHN and MARTIN (Robert M.) concur.